IOWA LOAN & TRUST COMPANY, APPELLEE, v. ESTATE OF JAMES M. DEVALL ET AL., APPELLANTS.

FILED FEBRUARY 18, 1902.   No. 11,079.

1. **Judicial Sale:** APPRAISEMENT: VIEW. There is in the statute no requirement that an appraisement of land for the purposes of judicial sale shall be made upon the land, or in view of it.

2. ——: ——: ——: PRESUMPTION. There is no presumption against the fairness of an appraisement arising from the fact that one of the appraisers who lived near the land, and knew it well, did not go upon it on the day the appraisement was made.

3. **Notice of Sale.** A notice of sale under a decree of foreclosure, is not defective because it fails to state the amount due upon the mortgage as fixed by the decree.

4. **Presumption:** SUN TIME: OFFICIAL ACTION. The presumption, if any there be, that business is conducted according to sun time, will not overcome the presumption in favor of the regularity of official action.

5. **Foreclosure:** DIRECTION AS TO SALE: SALE EN MASSE: CONTIGUOUS TRACTS. Where a decree of foreclosure contains no direction as to the manner of selling the mortgaged property, error will not be presumed from the sale *en masse* of two contiguous tracts.

APPEAL from the district court for Buffalo county. Heard below before SULLIVAN, J. *Affirmed.*

*B. O. Hostetler,* for appellants.

*Fred A. Nye, contra.*

Sullivan, C. J.

This action, which was brought by the Iowa Loan & Trust Company against James M. Devall and others to enforce a real estate mortgage, resulted in a decree of foreclosure, in execution of which the mortgaged property was advertised for sale and sold by the sheriff of Buffalo county. From an order confirming the sale, defendants appeal.

Their first contention is that the appraisement was made without viewing the property. It appears from the bill of exceptions that the sheriff and one of the appraisers went upon the land and examined it, but that the other appraiser, John Halkyard, did not inspect the property at, or immediately before, the appraisement was made. Mr. Halkyard, however, lived then, and for ten years before, within a quarter of a mile of the land and claimed to be sufficiently familiar with it to make an appraisement without further inspection. Upon these facts we entertain no doubt that the trial court was right in holding that there was no fatal irregularity in the appraisement. Besides, it is not insisted that the valuation fixed by the appraisers was too low, or that defendants have been in any manner prejudiced by Halkyard's failure to go upon the land.

Another ground upon which it is claimed the motion for confirmation should have been denied is that the notice of sale did not indicate whether the hour appointed for the sale was standard or true time. It appears that the sale was made according to standard time, and there is no evidence in the record tending to prove that standard time is in general use in Buffalo county. In *Searles v. Averhoff,* 28 Nebr., 668, it was held that, nothing appearing to the contrary, it will be presumed judicial proceedings are conducted with reference to sun time. That decision was rendered in 1890, before standard time was generally adopted in this state, and may, therefore, be said to have as its basis the experienced course of human conduct. Since then, however, the former method of measuring time has

fallen into disuse to such an extent that the reason for the presumption has almost, if not entirely, ceased to exist. It certainly has not now sufficient vitality to overcome the presumption in favor of the regularity of official action which may be properly appealed to for the purpose of sustaining the proceedings under the decree.

A further objection to the order of confirmation is that the notice of sale is defective because it does not contain a statement of the amount due upon the mortgage as fixed by the decree. Such a statement is not required by the statute. This point has been decided time and again, and should now be regarded as settled and at rest.

A final argument in favor of a reversal is that the mortgaged property consists of two distinct tracts, and should, for that reason, have been offered for sale and sold in parcels. The evidence in support of this contention is an affidavit stating "that the premises in controversy in this case consist of two separate and distinct tracts of land," one containing 80 and the other 160 acres. The two tracts are contiguous, and it may be that they are so used and improved as to make a sale in parcels inexpedient. The decree contained no direction as to how the property should be sold, and it must be presumed, in the absence of evidence of prejudice to the defendants, that the sheriff exercised a wise discretion and acted for the best interests of all the parties in making the sale. *Kane v. Jonasen,* 55 Nebr., 757; *Michigan Mutual Life Ins. Co. v. Richter,* 58 Nebr., 463; 12 Ency. Pl. & Pr., 53.

The order appealed from is

AFFIRMED.